IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONNA JO GIBSON, INDIVIDUALLY AND AS NATURAL PARENT AND GUARDIAN OF J.G., A MINOR — PLAINTIFF

vs. — CIVIL ACTION NO. 1:14-CV-00319-LG-RHW

SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, LLC — DEFENDANT

# DEFENDANT GLAXOSMITHKLINE LLC'S RESPONSE TO ORDER TO SHOW CAUSE AND REQUEST FOR DISMISSAL WITH PREJUDICE

COMES NOW Defendant GlaxoSmithKline LLC, formerly SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), and hereby responds to the Court's Order to Show Cause directed at Plaintiff Donna Jo Gibson [Docket No. 121] and respectfully requests that the Court dismiss this case with prejudice, showing the Court as follows:

## I. BACKGROUND

Plaintiff Donna Jo Gibson filed this lawsuit on March 14, 2014, alleging that her use of the prescription antidepressant Paxil® ("Paxil") during pregnancy caused her son, Plaintiff J.G., a minor, to be born in June 2005 with bilateral clubfoot. The parties litigated this case for two years, including engaging in extensive fact and expert discovery. GSK sent over 150 requests for records and preservation letters to Plaintiffs' health care providers and other records custodians. Those requests led to the collection of over 4,000 pages of records from providers, which GSK has had to review and analyze for discovery and trial purposes. GSK both propounded and responded to written discovery requests. In response to requests for production, GSK produced 835 documents (totaling 9,235 pages) in addition to the 108,285 documents (1,357,139 pages) that GSK re-produced to Plaintiffs in this case from prior Paxil pregnancy

litigation. GSK also conducted six case-specific, fact witness depositions and three expert witness depositions, and was preparing to take and defend at least five more expert witness depositions. In addition, GSK responded to four discovery motions that Plaintiffs filed, and GSK successfully moved to strike the expert report of Plaintiffs' vocational expert. *See* Docket No. 117. Finally, because the discovery conducted made clear that Plaintiffs could not meet their burden of proof, GSK was preparing to file a motion for summary judgment as well as several additional motions to exclude Plaintiffs' expert witnesses.

Following this expensive and expansive discovery, on March 25, 2016, during expert discovery and just six weeks before the deadline for dispositive motions, Plaintiffs' counsel agreed to dismiss the case *with prejudice*, and later indicated that Plaintiffs were mailed a notice of dismissal *with prejudice* to sign. *See* April 7, 2016 letter from J. Richards to M. Redwine (emphasis added) (attached as Exhibit A). The parties subsequently notified the Court of the likely impending dismissal with prejudice. *See* April 11, 2016 email from J. Sclafani to the Court (attached as Exhibit B).

Despite repeated attempts, however, Plaintiffs cut off communication with their counsel and failed to return the notice of dismissal. Thus, following a telephonic conference with the Court on May 6, 2016, Plaintiffs' counsel moved to withdraw as counsel. *See* Docket No. 118 at 1. Plaintiffs' counsel's motion made clear that they believed dismissal with prejudice was warranted because "the facts and testimony developed in the case to date, in addition to the Court's previous order striking Plaintiff's vocational expert witness, ***could no longer support a verdict in Plaintiffs' favor***." *Id.* (emphasis added). On June 2, 2016, the Court permitted Plaintiffs' counsel's withdrawal and ordered Plaintiffs to obtain substitute counsel or notify the

Court of their intention to proceed *pro se* by July 5, 2016, or the Court would dismiss the case. Docket No. 119.

Plaintiffs failed to respond by July 5, prompting the Court to enter the Order to Show Cause why this case should not be dismissed for failure to prosecute. Docket No. 121. Pursuant to the Show Cause Order, Plaintiffs must respond by July 21, 2016, or face dismissal *without* prejudice. *Id.* at 2. Given the amount of time, effort, and expense GSK has already expended defending this case for over two years, as well as the acknowledgement of Plaintiffs' former counsel that the facts and testimony developed in this case could not support a verdict for Plaintiffs, GSK respectfully requests that the Court dismiss the case ***with prejudice*** if Plaintiffs fail to satisfy the Court's Show Cause Order.

## II. ARGUMENT & AUTHORITY

As it recognized in the Order to Show Cause, this Court has the authority, pursuant to Federal Rule of Civil Procedure 41(b), to dismiss this case due to Plaintiffs' failure to prosecute their lawsuit or failure to comply with a Court order. Docket No. 121 at 1. *See also* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Cornwell v. Allison*, No. 1:08cv1324, 2010 WL 3805603, at *1 (S.D. Miss. Sept. 27, 2010) ("Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases." (internal quotations omitted)). Rule 41(b) further provides the Court discretion to dismiss Plaintiffs' case ***with prejudice***. *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as ***an adjudication on the merits***." (emphasis added)); *see also Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519

(5th Cir. 1985) ("The district court's order of dismissal for want of prosecution does not state whether the suit is dismissed with or without prejudice. Clearly, the district court had the discretion to choose either option.").

Courts in the Fifth Circuit have found dismissals with prejudice justified for failure to prosecute or failure to comply with a court order where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the … record shows that the district court employed lesser sanctions that proved to be futile." *Mastronardi v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-11028, 2016 WL 3549007, at *2 (5th Cir. June 29, 2016) (internal citation omitted); *see also Barnes v. Tumlinson*, 597 F. App'x 798, 798 (5th Cir. 2015) ("Where, as here, a district court's dismissal is with prejudice, we will uphold it only when there is clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." (internal quotations and citation omitted)); *Rogers v. Kroger Co.*, 699 F.2d 317, 320 (5th Cir. 1982). Dismissal with prejudice is similarly warranted in the face of at least one of three "aggravating factors: (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Callip*, 757 F.2d at 1519 (internal quotations omitted).

The factors necessary to support a dismissal with prejudice are undoubtedly present in this case. First, there is a clear record of delay. Plaintiffs' counsel first approached Ms. Gibson about dismissing this case with prejudice on or before March 25, 2016. Ms. Gibson has taken no action since that date, including failing to sign the Notice of Voluntary Dismissal with Prejudice or comply with the Court's Order to obtain new counsel or proceed *pro se*. In short, despite being informed that their case fails on the merits at least four months ago, Plaintiffs have thus far inexplicably chosen to ignore all attempts by their former counsel – and this Court – to bring an

end to this case. Thus, a dismissal with prejudice is justified. *See Mastronardi*, 2016 WL 3549007, at *2 ("We have held there was no abuse of discretion in a Rule 41(b) dismissal with prejudice when a plaintiff provided no explanation for his inaction on a case."); *Blakney v. Commiss. of Social Security*, No. 1:12CV169-LG-JMR, 2013 WL 6796552, at *2 (S.D. Miss. Dec. 20, 2013) ("There is a clear record of delay in the present case justifying dismissal with prejudice. [Plaintiff] was warned … that failure to serve process within 120 days could result in dismissal of her lawsuit, but there is no indication that she ever did so.").

Second, this Court's attempt at a lesser sanction was proven futile. Thus, imposing additional sanctions short of dismissal with prejudice would not serve the interests of justice. In its June 2 Order, the Court specifically cautioned that Plaintiffs' failure to notify the Court of their intentions would result in dismissal for failure to prosecute. Docket No. 119 at 1-2. The Court reiterated the prospect of dismissal in the present Show Cause Order. Docket No. 121. Courts have viewed such warnings as lesser sanctions, and Plaintiffs' inaction following these warnings justifies dismissal with prejudice. *See Mastronardi*, 2016 WL 3549007, at *2 (affirming dismissal with prejudice, in part, because "the district court first imposed a lesser penalty through a show-cause order, warning the [plaintiffs] that failure to respond to that order could result in dismissal"); *Barnes*, 597 F. App'x at 799 ("Moreover, the lesser sanctions imposed by the district court—in the form of warnings that [plaintiff's] failure to comply with its orders would lead to dismissal—did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice."); *Rogers*, 669 F.2d at 321-22 (stating that "explicit warnings are preliminary means or less severe sanctions" that may justify dismissal with prejudice). Thus, if Plaintiffs fail to respond to the Court's Order to Show Cause, dismissal with prejudice is permissible and warranted.

The three "aggravating factors" that support dismissal with prejudice are also present. Plaintiffs are clearly responsible for the delay in this case based on their repeated failure to respond to their former counsel's requests to dismiss the case and the Court's Orders since their counsel's withdrawal. Plaintiffs' inaction appears intentional. In fact, Plaintiffs appear to have abandoned their lawsuit. Thus, this case should be dismissed with prejudice. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) ("[I]t is notable that (1) given her *pro se* status, [plaintiff]'s conduct was attributable to no one but herself, and (2) the repetitive nature of her actions in light of repeated court warnings strongly indicates that she did not act unintentionally."); *Blakney*, 2013 WL 6796552, at *2 ("[T]he delay is clearly attributable to [plaintiff] since she is a pro se plaintiff, and her conduct appears to be intentional, since she has abandoned her lawsuit.").

Finally, GSK would suffer actual prejudice if Plaintiffs were permitted to re-file this case. As detailed above, GSK has expended substantial resources – both time and money – defending this case for over two years. As a result, GSK was positioned to dispose of this case on the merits via motion practice. Plaintiffs' counsel evidently agreed that this case fails on the merits, and they counseled Ms. Gibson to dismiss this case *with prejudice* because, in Plaintiffs' counsel's opinion, "the facts and testimony developed in the case to date … ***could no longer support a verdict in Plaintiffs' favor***." Docket No. 118 at 1 (emphasis added). Given the amount of time and money that GSK has invested in defending this case, and the likelihood that GSK would have been successful on dispositive motions, GSK respectfully submits that this case should be dismissed with prejudice.

Alternatively, if the Court dismisses this case without prejudice, GSK respectfully requests that the Court order that Plaintiffs must pay GSK's attorneys' fees and costs incurred to

date in defending this case before they may re-file their claims. *See* FED. R. CIV. P. 41(d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.") Such an order would limit, although not completely resolve, the prejudice to GSK of having to re-litigate this case.

## III. CONCLUSION

For the foregoing reasons, GSK respectfully requests that this Court dismiss this case with prejudice (or, in the alternative, preclude Plaintiffs from re-filing until they have paid GSK's attorneys' fees and costs incurred to date in defending this case).

This the 20th day of July, 2016.

Respectfully submitted,

**GLAXOSMITHKLINE LLC**

/s/ Joseph Anthony Sclafani
One of Its Attorneys

OF COUNSEL:

Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
jsclafani@brunini.com

-and-

Halli D. Cohn, Esq. (Admitted *pro hac vice*)
Robert K. Woo, Jr., Esq. (Admitted *pro hac vice*)
Geoffrey M. Drake, Esq. (Admitted *pro hac vice*)
Meredith B. Redwine, Esq. (Admitted *pro hac vice*)
Radha Sathe Manthe, Esq. (Admitted *pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
hcohn@kslaw.com
bwoo@kslaw.com
gdrake@kslaw.com
mredwine@kslaw.com
rmanthe@kslaw.com

- and -

Cindy K. Bennes, Esq. (Admitted *pro hac vice*)
Tamar P. Halpern, Esq. (Admitted *pro hac vice*)
Martha M. Harris, Esq. (Admitted *pro hac vice*)
Kimberly S. Penner, Esq. (Admitted *pro hac vice*)
Thomas J. Sheehan, Esq. (Admitted *pro hac vice*)
PHILLIPS LYTLE, LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Telephone: (716) 847-8341
Facsimile: (716) 852-6100
ckbennes@phillipslytle.com
thalpern@phillipslytle.com
mharris@phillipslytle.com
kpenner@phillipslytle.com
tsheehan@phillipslytle.com

**CERTIFICATE OF SERVICE**

I, Joseph Anthony Sclafani, hereby certify that on July 20, 2016, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent electronic notification of such filing to All Counsel of Record.

Further, I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the foregoing pleading or other paper to the following:

Donna Jo Gibson
1353 Deer Park Road
Leakesville, MS 39451

This the 20th day of July, 2016.

/s/ Joseph Anthony Sclafani